5 F.3d 533
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Abel PEREZ-RIOS, Appellant.
 No. 93-1567.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 13, 1993.
Filed: September 27, 1993.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Abel Perez-Rios appeals from a final judgment entered in the United States District Court for the Eastern District of Missouri after a jury convicted him of possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A)(ii)(II). The court sentenced him to 121 months imprisonment and ordered him to participate in deportation proceedings after his period of incarceration. Perez-Rios challenges the district court's denial of his motion to suppress the cocaine, arguing it was seized as a result of a pretextual stop of his car and a subsequent nonconsensual search. We affirm.
 
 
 2
 A Missouri Highway Patrol officer stopped the car driven by Perez-Rios for exceeding the speed limit. The officer observed that Perez-Rios appeared to be very nervous, shuffled his feet, and did not make eye contact as the officer inspected his California driver's instructional permit and other documents concerning the car's ownership. Perez-Rios identified the passenger in the back seat as his uncle, but the name he gave for him was different than the one recited by the uncle himself. The officer questioned Perez-Rios again after he transmitted the information to law enforcement headquarters and discovered discrepancies concerning the status of Perez-Rios' driving permit and the ownership of the car.
 
 
 3
 The officer issued Perez-Rios a ticket for driving 67 m.p.h. in a 55-m.p.h. zone and for operating a vehicle without a valid driver's license, returned his license and other documents, and indicated that he could leave. As Perez-Rios was about to enter his car, the officer asked him if he was carrying anything illegal in the car. He answered in the negative. The officer testified that when he asked if he could search the car, Perez-Rios replied, "Yeah, you can" and instructed the front-seat passenger to release the trunk lid. Perez-Rios testified that the officer only asked to see his luggage in the trunk, to which Perez-Rios made no verbal reply but walked over to the car and asked the front-seat passenger to release the trunk lid.
 
 
 4
 Perez-Rios watched as the officer searched the trunk. The officer noticed that a plastic cooler had bulges on the sides, was heavier than its contents would warrant, had seams that were unsealed, and emitted a strong smell of ether. The officer pulled open the seams and discovered plastic packages containing white powder taped to the inside liner of the cooler. Perez-Rios was then arrested for cocaine trafficking.
 
 
 5
 There is no merit to Perez-Rios' claim that the officer violated the Fourth Amendment because he lacked reasonable suspicion or probable cause to stop the car. A traffic violation creates probable cause to stop the driver of a vehicle. United States v. Barahona, 990 F.2d 412, 416 (8th Cir. 1993). Here the patrol officer first spotted Perez-Rios driving approximately 75 to 80 m.p.h., then caught up to him and determined from radar and his own speedometer that Perez-Rios was driving 67 m.p.h. Perez-Rios told the officer he thought he was traveling about 66 m.p.h. The court's finding that he exceeded the speed limit is not clearly erroneous, and the initial stop of Perez-Rios was valid.
 
 
 6
 We also conclude that the patrol officer obtained valid consent from Perez-Rios to search the car's trunk. The government must prove voluntary consent to search by a preponderance of the evidence. Id. at 417. Whether consent was voluntary is a question of fact to be determined from the totality of the circumstances. Id.
 
 
 7
 The record supports the district court's conclusion that Perez-Rios voluntarily consented to the search of the car, including the trunk. The court adopted the magistrate's findings that Perez-Rios understood English, was of average intelligence, and was not intoxicated at the time his car was stopped. There is no evidence to the contrary. The court was free to credit the officer's testimony that Perez-Rios affirmatively consented to a search of his car rather than Perez-Rios' own testimony that he made no verbal reply but instructed his passenger to release the trunk lid.
 
 
 8
 The court also found the patrol officer did not induce Perez-Rios' consent through any threats or coercion. The officer's questions following the traffic stop were routine inquiries about the status of his driver's license, the ownership of the car, and the passengers and their destination. After issuing the traffic ticket, the officer indicated Perez-Rios was free to leave. The district court's finding of voluntary consent is not clearly erroneous.
 
 
 9
 After Perez-Rios' consent authorized the patrol officer's search of the trunk, the officer developed probable cause to conduct an additional search of the cooler. Probable cause is established when, in light of all the circumstances, there is a fair probability that contraband will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 238 (1983). If probable cause exists, no search warrant is required under the "automobile exception" to the warrant requirement. United States v. Ross, 456 U.S. 798, 807-08 (1982).
 
 
 10
 The officer's suspicions were initially raised by Perez-Rios' speeding, his expired driver's permit, and the discrepancies concerning the car's ownership and the name of the back-seat passenger. Upon observing the cooler in the trunk, the officer had probable cause to believe it contained drugs when he saw the bulging sides and unglued seams, smelled ether, and felt that its weight was greater than its contents would warrant. The officer was justified in pulling open one of the seams, after which he discovered the packages of cocaine.
 
 
 11
 Perez-Rios also contends that the district court erred in denying his motion for judgment of acquittal, instructing the jury on aiding and abetting, admitting into evidence a letter written by him, and failing to make a downward adjustment in his sentence. We have examined each of these issues and conclude they are without merit. We therefore affirm the judgment of the district court in its entirety.